# EXHIBIT A

STATE OF MICHIGAN
DEPARTMENT OF LICENSING AND REGULATORY AFFAIRS
CANNABIS REGULATORY AGENCY

**In the Matter of**

**HiCloud, LLC**  ENF No: 24-00370
**License No. AU-P-000342**
_____/

## FORMAL COMPLAINT

The Cannabis Regulatory Agency (CRA) by and through its attorneys, Assistant Attorneys General Jeffrey W. Miller and Sarah E. Huyser, files this formal complaint against HiCloud, LLC (Respondent), alleging upon information and belief as follows:

1. The CRA is authorized under the Michigan Regulation and Taxation of Marihuana Act (MRTMA), MCL 333.27951 *et seq.*, to investigate alleged violations of the MRTMA and administrative rules promulgated thereunder, take disciplinary action to prevent such violations, and impose fines and other sanctions against applicants and licensees that violate the MRTMA or administrative rules.

## FACTUAL ALLEGATIONS

2. Respondent holds an active state license under the MRTMA to operate an adult-use marijuana processor establishment in the state of Michigan.

3. Respondent was licensed to operate at 7655 E. M-20, Hesperia, MI 49421, at all times relevant to this complaint.

4.     Following an investigation, the CRA determined that Respondent violated the MRTMA and/or administrative rules promulgated thereunder as set forth below.

5.     On November 9, 2023, the CRA began investigating Respondent following a complaint from a citizen that Respondent was using a building that was not approved for use by the CRA. The building was a pole barn located at 4334 S. 184th Ave., Hesperia, MI. The citizen complaint also alleged that Respondent was diverting regulated marijuana product to the unregulated market.

6.     On November 9, 2023, Respondent's owner, E.C., was stopped by the Michigan State Police (MSP) while driving a rental truck east on Interstate 96 near Lansing, Michigan. The truck contained 43.5 pounds of suspected marijuana flower, 3 jars of suspected marijuana wax oil, and 3 jars of suspected marijuana powder. E.C. was arrested, and the Clinton County prosecuting attorney charged E.C. with a felony charge of possession with intent to deliver marijuana on November 10, 2023. E.C. did not report this charge to the CRA until November 14, 2023.

7.     The MSP report regarding E.C.'s arrest detailed the circumstances observed by MSP and included a statement by a witness who reported that they observed marijuana in the unapproved pole barn on November 4 and 7, 2023.

8.     The complaint provided photographs to the CRA showing material in the pole barn in black bags during this timeframe. The witness stated that they had cut into a bag in the pole barn and confirmed that it contained marijuana flower. The witness stated that E.C. also confirmed that marijuana was present in the pole barn.

9. The MSP report indicated that six mylar bags containing suspected marijuana were recovered from the vehicle driven by E.C. The total weight of the six mylar bags was 20 pounds.

10. Video surveillance recordings from Respondent's licensed business showed Respondent's employee, A.C., receiving six mylar bags on November 7, 2023. This transfer was recorded in the statewide monitoring system (Metrc), which reflected that the transfer included 20.04 pounds of marijuana.

11. Surveillance recordings from November 8, 2023, showed E.C. and A.C. looking at the six mylar bags. The recordings then showed A.C. removing the Metrc tags from at least one of the bags.

12. The November 8, 2023 surveillance recordings also showed E.C. picking up two small glass jars with white lids containing what appeared to be marijuana oil and placing them on a box near the exit door. These jars appeared similar to those discovered by MSP in the vehicle E.C. was driving the next day, on November 9. The two jars and the six mylar bags were no longer visible on surveillance recordings from Respondent's business on November 9.

13. CRA regulation agents observed that there were no transfers of product out of Respondent's business entered in Metrc for November 8, 2023.

14. E.C. did not possess a secure transporter license.

15. On November 13, 2023, MSP executed a search warrant at Respondent's licensed business. MSP also searched the non-approved pole barn. MSP noted that the barn was empty, but there was a strong odor of marijuana

3

present and small pieces of marijuana or green plant material in netting attached to the ceiling.

16. On November 14, 2023, CRA regulation agents visited Respondent's licensed business. The regulation agents observed harvest batches of marijuana that did not have Metrc tags affixed. The regulation agents observed that Respondent instead had affixed handwritten labels to the harvest batches. The handwritten labels contained strain and harvest information, but nothing connecting the packages to Metrc.

17. During the November 14 onsite visit, the CRA asked E.C. why the harvest batches had not been assigned package tags. E.C. stated that Respondent kept this information in internal records. On November 24, 2023, Respondent provided a spreadsheet with Metrc package tags numbers associated with the harvested material that the CRA regulation agents had observed on November 14. The Metrc tags were generated after the CRA's onsite visit and more than 30 days after the harvest date indicated on the handwritten labels.

18. While onsite on November 14, 2023, CRA regulation agents requested that Respondent provide 30 days of video recordings. Respondent did not provide the video recordings until more than three weeks later, on December 6, 2023.

19. The video recordings revealed that Respondent's video surveillance system failed to record data beginning on November 8, 2023, and ending on November 9, 2023 (the date of E.C.'s arrest).

20. The CRA regulation agents also investigated a transfer of marijuana product to Respondent's business that occurred on October 28, 2023. The transfer manifest indicated that the product was marijuana buds. However, the CRA determined after speaking to the transferring licensee that the product was actually whole marijuana plants. Further, Respondent failed to accept the transfer in Metrc until October 31, 2023—three days after the physical delivery.

21. E.C. indicated that the owners of another licensed business visited Respondent's business on November 8, 2023. However, Respondent's visitor logs did not show any visitors on that date and only had entries showing visitors to the business on and after November 13, 2023.

## COUNT 1

Respondent's actions as described above demonstrate a violation of MCL 333.27961(b), which relevantly states that a marijuana establishment may not process or store marijuana at any location other than a physical address approved by the agency.

## COUNT 2

Respondent's actions as described above demonstrate a violation of Rule 420.103(2), which relevantly states that unless otherwise authorized by rules, a marijuana processor may only transfer marihuana by means of a secure transporter.

## COUNT 3

Respondent's actions as described above demonstrate a violation of Rule 420.103(3), which states that a marijuana processor must accurately enter all transactions, current inventory, and other information into the statewide monitoring system.

5

## COUNT 4

Respondent's actions as described above demonstrate a violation of Rule 420.209(5), which relevantly states that a licensee shall have a video surveillance system that consists of cameras capable of meeting the recording requirements in this rule and digital archiving devices.

## COUNT 5

Respondent's actions as described above demonstrate a violation of Rule 420.209(12), which states that surveillance recordings are subject to CRA inspection and must be kept in a manner that allows the agency to view and obtain copies immediately upon request.

## COUNT 6

Respondent's actions as described above demonstrate a violation of Rule 420.210(1), which relevantly states that a marijuana business must not have marijuana products that are not identified and recorded in the statewide monitoring system.

## COUNT 7

Respondent's actions as described above demonstrate a violation of Rule 420.210(2), which relevantly states that a marijuana business must not have any marijuana product without a batch number or identification tag or label pursuant to the rules, and that a licensee shall immediately tag, identify, or record as part of a batch in the statewide monitoring system any marijuana product as provided in the rules.

## COUNT 8

Respondent's actions as described above demonstrate a violation of Rule 420.212(1), which relevantly states that all marijuana products must be stored at a marijuana business in a secured limited access area or restricted access area.

## COUNT 9

Respondent's actions as described above demonstrate a violation of Rule 420.602(2)(a), which relevantly states that if an employee is charged with a controlled substance-related felony, the licensee shall immediately report the charge to the agency.

## COUNT 10

Respondent's actions as described above demonstrate a violation of Rule 420.602(7), which states that a licensee shall ensure that visitors are reasonably monitored, logged in as visitors, and escorted through any limited access areas.

## COUNT 11

Respondent's actions as described above demonstrate a violation of Rule 420.802(4), which relevantly states that a licensee shall notify the agency within three business days of becoming aware of a criminal charge against a licensee.

THEREFORE, based on the above, the CRA gives notice of its intent to impose fines and/or other sanctions against Respondent's license, which may include the suspension, revocation, restriction, and/or refusal to renew Respondent's license.

Under MCL 333.27957(1)(c) and Rule 420.704(2), any party aggrieved by an action of the CRA suspending, revoking, restricting, or refusing to renew a license, or imposing a fine, shall be given a hearing upon request. A request for a hearing must be submitted to the CRA in writing within 21 days after service of this complaint. Notice served by certified mail is considered complete on the business day following the date of the mailing.

Respondent also has the right to request a compliance conference under Rule 420.704(1) and R 420.808(4). A compliance conference is an informal meeting at which Respondent has the opportunity to discuss the allegations in this complaint and demonstrate compliance under the MRTMA and/or the administrative rules.

Hearing and compliance conference requests must be submitted in writing by one of the following methods, with a copy provided to the assistant attorneys general named below:

| | |
|---|---|
| By Mail: | Department of Licensing & Regulatory Affairs<br>Cannabis Regulatory Agency<br>P.O. Box 30205<br>Lansing, Michigan 48909 |
| In Person: | Department of Licensing & Regulatory Affairs<br>Cannabis Regulatory Agency<br>2407 North Grand River<br>Lansing, Michigan 48906 |
| By Email: | CRA-LegalHearings@michigan.gov |

If Respondent fails to timely respond to this formal complaint, a contested case hearing will be scheduled to resolve this matter.

Questions about this complaint should be directed to the undersigned assistant attorneys general.

Respectfully submitted,

*/s/ Jeffrey W. Miller*
Jeffrey W. Miller (P78786)
Sarah E. Huyser (P70500)
Assistant Attorneys General
Attorneys for Cannabis Regulatory Agency
Licensing and Regulation Division
525 West Ottawa Street
P.O. Box 30758
Lansing, Michigan 48909
Telephone: (517) 335-7569
Fax: (517) 241-1997

Dated: July 25, 2024

LF: 2024-0407755-A / HiCloud, AU-P-000342, ENF 24-00370 / 2024-07-25

8



| GRETCHEN WHITMER<br>GOVERNOR | STATE OF MICHIGAN<br>DEPARTMENT OF LICENSING AND REGULATORY AFFAIRS<br>LANSING | MARLON I. BROWN, DPA<br>DIRECTOR |

In the Matter of

HiCloud, LLC  
License No.: AU-P-000342
_____/

ENF No.: 24-00370

## PROOF OF SERVICE

I hereby certify that on  7/31/2024  , I mailed a copy of the

Formal Complaint dated  7/25/2024  in the above captioned case

by certified mail (return receipt requested) to:

HiCloud, LLC  
215 S Linn St  
Bay City, MI 48706

HiCloud, LLC  
48540 Tilch Rd  
Macomb, MI 48044

Ashlynn Madar  
Digitally signed by: Ashlynn Madar  
DN: CN = Ashlynn Madar  email = CRA-CSS@michigan.gov C = US O = Cannabis Regulatory Agency  OU = Customer Service Section  
Date: 2024.07.31 08:10:10 -04'00'

Cannabis Regulatory Agency  
Department of Licensing & Regulatory Affairs

CANNABIS REGULATORY AGENCY  
2407 NORTH GRAND RIVER • P.O. BOX 30205 • LANSING, MICHIGAN 48909  
www.michigan.gov/cra  
LARA is an equal opportunity employer/program.

CRA 5036                                                                                                           Page **1** of 1