UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES DRAPER and CARRIE DRAPER,

    Plaintiffs,

v

NEWFIELD TOWNSHIP; BRIAN HANNA, in his official capacity as the Executive Director of the Cannabis Regulatory Agency of the Michigan Department of Licensing and Regulatory Affairs; HICLOUD, LLC; ENDRIT CALI; and STEVEN MICKLIN, individually and in his official capacity as Zoning Administrator for Newfield Township, Michigan,

    Defendants.

No. 1:24-cv-01305

HON. PAUL L. MALONEY

MAG. PHILLIP J. GREEN

**DEFENDANT BRIAN HANNA'S MOTION TO DISMISS**

| | |
|---|---|
| Robert J. Muise (P62849)<br>Attorney for Plaintiffs<br>The Muise Law Group, PLLC<br>P.O. Box 131098<br>3000 Green Road, Unit 131098<br>Ann Arbor, MI 48113-7756<br>(734) 635-3756<br>rmuise@muiselawgroup.com | David Yerushalmi (Ariz. Bar No. 009616, D.C. Bar No. 978179, Cal. Bar No. 132011, N.Y. Bar No. 4632568)<br>Attorney for Plaintiffs<br>American Freedom Law Center<br>1901 Pennsylvania Avenue NW, Suite 201<br>Washington, D.C. 20006<br>(646) 262-0500<br>dyerushalmi@americanfreedomlawcenter.org |
| Charles L. Bogren (P82824)<br>James W. Lamb (P84657)<br>Attorneys for Defendant Newfield Township & Steven Micklin<br>Plunkett Cooney<br>333 Bridge Street NW, Suite 530<br>Grand Rapids, MI 49504-5365<br>(616) 752-4606<br>cbogren@plunkettcooney.com<br>jlamb@plunkettcooney.com | Nadeem Noah Harfouch (P76362)<br>Attorney for Defendant HiCloud, LLC & Endrit Cali<br>The Harfouch Law Firm, PLLC<br>77 E. Long Lake Road, Floor 1<br>Bloomfield Hills, MI 48304-2328<br>(248) 781-8800<br>nharfouch@harfouchlaw.com |

| | |
|---|---|
| Adam M. Leyton (P80646)<br>Audrey E. Elzerman (P82596)<br>Assistant Attorneys General<br>Attorneys for Defendant Brian Hanna,<br>Executive Director of<br>Cannabis Regulatory Agency<br>Michigan Department of Attorney General<br>Licensing and Regulation Division<br>525 West Ottawa Street<br>P.O. Box 30758<br>Lansing, MI 48909<br>(517) 335-7569<br>leytona1@michigan.gov<br>elzermana@michigan.gov | Andrew P. Hussey (P87192)<br>Benjamin E. Bayram (P71777)<br>Attorneys for Defendant HiCloud, LLC<br>& Endrit Cali<br>Dykema<br>201 Townsend Street, Suite 900<br>Lansing, MI 48933-1529<br>(517) 374-9106<br>ahussey@dykema.com<br>bbayram@dykema.com |

## **DEFENDANT BRIAN HANNA'S MOTION TO DISMISS**

Defendant Brian Hanna, in his official capacity as executive director of the Cannabis Regulatory Agency (CRA), by counsel, moves this Court to dismiss Plaintiffs' claim against him and, accordingly, dismiss him from this action pursuant to Federal Rule of Civil Procedure 12(b)(6), and in support of that motion states:

1. On February 6, 2025, Plaintiffs James and Carrie Draper filed an amended complaint containing very few factual allegations related to Director Hanna. The relevant portions of the complaint allege that Director Hanna is the executive director of the CRA, that the CRA issues adult-use marijuana business licenses under the Michigan Regulation and Taxation of Marihuana Act (MRMTA), Mich. Comp. Laws § 333.27951 *et seq.*, and that the CRA issued an adult-use marijuana processor license to a neighboring business, Defendant HiCloud, LLC. (PageID.50, ¶ 11; PageID.52, ¶ 18.)

2. Citing to the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. § 1964(c), Plaintiffs allege that the license issued to HiCloud

2

pursuant to the MRTMA "authorized and permitted" HiCloud and its owner, Defendant Endrit Cali, to conduct unlawful "racketeering activity." (PageID.82-83, ¶ 147.)

3. Plaintiffs' complaint contains six "claims for relief," but Director Hanna is only referenced in the third and fifth claims. In both the third and fifth claims for relief, Plaintiffs allege that the RICO provides a statutory vehicle to obtain relief against Director Hanna under 18 U.S.C. § 1964(a). (PageID.77-78, ¶ 115; PageID.81, ¶ 139.) Specifically, Plaintiffs ask this Court to (a) declare that the license issued to HiCloud violates federal law and (b) issue an injunction enjoining Director Hanna from issuing or reissuing any license to HiCloud under the MRTMA. (PageID.77-78, ¶ 115; PageID.82-83, ¶¶ 147-151; PageID.85, ¶¶ C, E.)

4. Plaintiffs' requests for declaratory and injunctive relief also appear to rest on an alleged conflict between the RICO, CSA, and MRTMA. (PageID.83, ¶ 150.) Plaintiffs indicate that marijuana is a Schedule I controlled substance under the CSA and that the RICO provides a private cause of action to remedy harms caused by violations of the CSA. Plaintiffs then conclude that the MRTMA is preempted by the CSA and RICO.

5. Plaintiffs have failed to state any valid RICO claim against Director Hanna upon which relief can be granted. Fed. R. Civ. P. 12(b)(6).

6. First, Plaintiffs have not alleged that Director Hanna violated 18 U.S.C. § 1962. Without satisfying this threshold requirement, Plaintiffs may not maintain their civil RICO claim against Director Hanna under 18 U.S.C. § 1964(c),

and Plaintiffs may not obtain any relief against Director Hanna pursuant to their invalid RICO claim.

7. Second, the only conduct alleged against Director Hanna—issuing a license to HiCloud—does not satisfy the elements needed to assert a valid RICO claim. Rather, Plaintiffs must show that Director Hanna had a pecuniary interest in the alleged illegal enterprise, *see* 18 U.S.C. § 1962(b), or that Director Hanna controlled or managed the operation of the alleged illegal enterprise, *see* 18 U.S.C. § 1962(c). Plaintiffs have not alleged such a connection between Director Hanna and HiCloud, and Plaintiffs' RICO claim and associated requests for relief against Director Hanna should be dismissed under Rule 12(b)(6).

8. Third, Plaintiffs' requests for declaratory and injunctive relief are beyond the scope of civil remedies available to private parties under the RICO. *See* 18 U.S.C. § 1964(c). Thus, Plaintiffs have not pled a legally valid RICO claim against Director Hanna.

9. Fourth and finally, even if the Court finds that Plaintiffs have stated a valid RICO claim against Director Hanna under 18 U.S.C. § 1964(c), Plaintiffs' requests for declaratory and injunctive relief pursuant to 18 U.S.C. § 1964(a) are without merit and should not be granted. A declaratory judgment would be inappropriate because there is no actual controversy or legal relationship for this Court to define between Plaintiffs and *Director Hanna*. Moreover, Plaintiffs' request for an injunction should be denied because neither the RICO nor the CSA preempts the MRTMA as Plaintiffs allege.

10.     Pursuant to W.D. Mich. LCivR 7.1(d)(i), on April 9, 2025, counsel for Director Hanna contacted Plaintiffs' counsel to ascertain whether this motion would be opposed.  Plaintiffs' counsel advised that Plaintiffs oppose the motion.

Therefore, for the reasons stated above and discussed more fully in the accompanying brief, Director Hanna respectfully requests that this Court dismiss Plaintiffs' RICO claim against him and, accordingly, dismiss him from this lawsuit under Rule 12(b)(6).

                Respectfully submitted,

                *s/ Adam M. Leyton*
                Adam M. Leyton (P80646)
                Audrey E. Elzerman (P82596)
                Assistant Attorneys General
                Attorneys for Defendant Brian Hanna, Executive Director of Cannabis Regulatory Agency
                Michigan Department of Attorney General
                Licensing and Regulation Division
                525 West Ottawa Street
                P.O. Box 30758
                Lansing, MI 48909
                (517) 335-7569
                leytona1@michigan.gov
                elzermana@michigan.gov
                P80646, P82596

Dated:  April 11, 2025

LF: 2024-0418910-A / Draper et al v Hanna et al (USWD-WD) / Defendant Brian Hanna's Motion to Dismiss / 2025-04-11