UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES DRAPER and CARRIE DRAPER,

     Plaintiffs,

v

NEWFIELD TOWNSHIP; BRIAN HANNA, in his official capacity as the Executive Director of the Cannabis Regulatory Agency of the Michigan Department of Licensing and Regulatory Affairs; HICLOUD, LLC; ENDRIT CALI; and STEVEN MICKLIN, individually and in his official capacity as Zoning Administrator for Newfield Township, Michigan,

     Defendants.

No. 1:24-cv-01305

HON. PAUL L. MALONEY

MAG. PHILLIP J. GREEN

**DEFENDANT BRIAN HANNA'S RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION**

**ORAL ARGUMENT REQUESTED**

---

Robert J. Muise (P62849)
Attorney for Plaintiffs
The Muise Law Group, PLLC
P.O. Box 131098
3000 Green Road, Unit 131098
Ann Arbor, MI 48113-7756
(734) 635-3756
rmuise@muiselawgroup.com

David Yerushalmi (Ariz. Bar No. 009616, D.C. Bar No. 978179, Cal. Bar No. 132011, N.Y. Bar No. 4632568)
Attorney for Plaintiffs
American Freedom Law Center
1901 Pennsylvania Avenue NW, Suite 201
Washington, D.C. 20006
(646) 262-0500
dyerushalmi@americanfreedom lawcenter.org

---

Charles L. Bogren (P82824)
James W. Lamb (P84657)
Attorneys for Defendant Newfield Township & Steven Micklin
Plunkett Cooney
333 Bridge Street NW, Suite 530
Grand Rapids, MI 49504-5365
(616) 752-4606
cbogren@plunkettcooney.com
jlamb@plunkettcooney.com

Nadeem Noah Harfouch (P76362)
Attorney for Defendant HiCloud, LLC & Endrit Cali
The Harfouch Law Firm, PLLC
77 E. Long Lake Road, Floor 1
Bloomfield Hills, MI 48304-2328
(248) 781-8800
nharfouch@harfouchlaw.com

---

Adam M. Leyton (P80646)
Audrey E. Elzerman (P82596)
Assistant Attorneys General
Attorneys for Defendant Brian Hanna,
Executive Director of
Cannabis Regulatory Agency
Michigan Department of Attorney General
Licensing and Regulation Division
525 West Ottawa Street
P.O. Box 30758
Lansing, MI 48909
(517) 335-7569
leytona1@michigan.gov
elzermana@michigan.gov

Andrew P. Hussey (P87192)
Benjamin E. Bayram (P71777)
Attorneys for Defendant HiCloud, LLC
& Endrit Cali
Dykema
201 Townsend Street, Suite 900
Lansing, MI 48933-1529
(517) 374-9106
ahussey@dykema.com
bbayram@dykema.com

_____ /

## DEFENDANT BRIAN HANNA'S RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION

### ORAL ARGUMENT REQUESTED

Adam M. Leyton (P80646)
Audrey E. Elzerman (P82596)
Assistant Attorneys General
Attorneys for Defendant
Brian Hanna, Executive Director of
Cannabis Regulatory Agency
Michigan Department of Attorney General
Licensing and Regulation Division
525 West Ottawa Street
P.O. Box 30758
Lansing, MI 48909
(517) 335-7569
leytona1@michigan.gov
elzermana@michigan.gov
P80646, P82596

Dated:  April 14, 2025

# TABLE OF CONTENTS

Page

Table of Contents............................................................................................. i

Index of Authorities........................................................................................ ii

Concise Statement of Issues Presented ........................................................ v

Controlling or Most Appropriate Authority................................................ v

Introduction ..................................................................................................... 1

Statement of Relevant Facts ......................................................................... 2

      A.    An Overview of Adult-Use Marijuana Regulation in Michigan ............ 2

      B.    Plaintiffs' Amended Complaint.......................................................... 2

      C.    Plaintiffs' Motion for Preliminary Injunction ................................ 3

Standard of Review......................................................................................... 5

Argument ......................................................................................................... 6

I.    Plaintiffs' RICO claim against Director Hanna has no likelihood of success on the merits. ................................................................................ 6

      A.    Plaintiffs do not allege that Director Hanna violated the substantive provisions of the RICO under 18 U.S.C. § 1962................. 7

      B.    Plaintiffs cannot establish the elements of a RICO claim against Director Hanna....................................................................... 9

      C.    Plaintiffs cannot obtain temporary injunctive relief under the RICO. .......................................................................................... 11

II.    Plaintiffs' alleged harms are not attributable to Director Hanna. ................ 13

III.    Issuing an injunction against Director Hanna would harm the public interest. ................................................................................................ 14

Conclusion and Relief Requested ................................................................ 16

# INDEX OF AUTHORITIES

<u>Page</u>

**Cases**

*Abbott v. Perez,*
   585 U.S. 579 (2018) ................................................................ 15

*Alexander v. Sandoval,*
   532 U.S. 275 (2001) ................................................................ 11

*Am. Imaging Servs., Inc. v. Eagle-Picher Indus., Inc.,*
   963 F.2d 855 (6th Cir. 1992) .................................................... 5

*Chevron Corp. v. Dozinger,*
   833 F.3d 74 (2d Cir. 2016)...................................................... 12

*Coal. to Defend Affirmative Action v. Granholm,*
   473 F.3d 237 (6th Cir. 2006) .................................................. 15

*Fletcher v. Conoco Pipe Line Co.,*
   129 F. Supp. 2d 1255 (W.D. Mo. 2001) ................................... 13

*Ganey v. Raffone,*
   91 F.3d 143, *4 n.6 (6th Cir. 1996) (unpublished table decision)........................... 12

*Gonzales v. Nat'l Bd. of Med. Exam'rs,*
   225 F.3d 620 (6th Cir. 2000) .................................................... 6

*Hengle v. Treppa,*
   19 F.4th 324 (4th Cir. 2021) ................................................... 12

*Kentucky v. Biden,*
   57 F.4th 545 (6th Cir. 2023) ............................................. 14, 15

*Leary v. Daeschner,*
   228 F.3d 729 (6th Cir. 2000) .................................................... 5

*Louisiana-Pacific Corp. v. James Hardie Bldg. Prods., Inc.,*
   928 F.3d 514 (6th Cir. 2019) .................................................... 7

*McNeilly v. Land,*
   684 F.3d 611 (6th Cir. 2012) .................................................... 5

*In re Fredeman Litigation,*
 843 F.2d 821 (5th Cir. 1988) .................................................................. 12

*Nat'l Org. for Women, Inc. v. Scheidler,*
 267 F.3d 687 (7th Cir. 2001) .................................................................. 12

*New Motor Vehicle Bd. v Orrin W. Fox Co.,*
 434 U.S. 1345 (1977) .............................................................................. 15

*Ouwinga v. Benistar 419 Plan Servs., Inc.,*
 694 F.3d 783 (6th Cir. 2012) .................................................................. 10

*Pennhurst State Sch. & Hosp. v. Halderman,*
 465 U.S. 89 (1984) .................................................................................... 3

*Religious Technology Center v. Wollersheim,*
 796 F.2d 1076 (9th Cir. 1986) ................................................................ 12

*Reves v. Ernst & Young,*
 507 U.S. 170 (1993) ............................................................................. 9, 10

*RJR Nabisco v. European Cmty.,*
 579 U.S. 325 (2016) ................................................................................ 13

*Sedima, S.P.R.L. v. Imrex Co.,*
 473 U.S. 479 (1985) ................................................................................ 13

*Sterling Suffolk Racecourse Ltd. P'ship v. Burrillville Racing Ass'n,*
 802 F. Supp. 662 (D.R.I. 1992) .............................................................. 11

*Weinberger v. Romero-Barcelo,*
 456 U.S. 305 (1982) ................................................................................ 14

*Whaley v. Auto Club Ins. Ass'n,*
 891 F. Supp. 1237 (E.D. Mich. 1995) ...................................................... 9

*Winter v. Natural Res. Def. Council, Inc.,*
 555 U.S. 7 (2008) ................................................................................ 6, 14

## Statutes

18 U.S.C. § 1962 ............................................................................... 7, 8, 13

18 U.S.C. § 1962(b) ...................................................................... 3, 8, 9, 10

18 U.S.C. § 1962(c) ........................................................................................ passim

18 U.S.C. § 1964 .......................................................................................... 11, 12

18 U.S.C. § 1964(a) ...................................................................................... passim

18 U.S.C.§ 1964(b) ...................................................................................... 12, 13

18 U.S.C. § 1964(c) ...................................................................................... passim

Mich. Comp. Laws § 333.27001(1)(d)(iv) ........................................................ 2

Mich. Comp. Laws § 333.27951 ........................................................................ 2

Mich Comp. Laws § 333.27952 ......................................................................... 2

Mich. Comp. Laws § 333.27957(1)(c)(ii) ........................................................ 15

Mich. Comp. Laws § 333.27957(3) .................................................................. 10

Mich. Comp. Laws § 333.27959 ........................................................................ 2

**Regulations**

Mich. Admin. Code r. 420.704(3) ..................................................................... 20

**CONCISE STATEMENT OF ISSUES PRESENTED**

1.    A preliminary injunction is an extraordinary remedy requiring a plaintiff to show a likelihood of success on the merits, irreparable harm, that the equities balance in their favor, and that an injunction is in the public interest.  Here, Plaintiffs request an injunction ordering Director Hanna to revoke a state-issued license, but Plaintiffs are unable to establish any of the criteria required for such extraordinary relief.  Should this Court deny Plaintiffs' request for a preliminary injunction as to Director Hanna?

**CONTROLLING OR MOST APPROPRIATE AUTHORITY**

_Authority_:

_Gonzales v. Nat'l Bd. of Med. Exam'rs_, 225 F.3d 620 (6th Cir. 2000)

_Kentucky v. Biden_, 57 F.4th 545 (6th Cir. 2023)

_Religious Tech. Ctr. v. Wollersheim_, 796 F.2d 1076 (9th Cir. 1986)

_Winter v. Natural Res. Def. Council, Inc._, 555 U.S. 7 (2008)

18 U.S.C. § 1962

18 U.S.C. § 1964

## INTRODUCTION

This case concerns a property dispute between two neighbors, Plaintiffs and Defendant HiCloud, LLC.  At bottom, Plaintiffs allege that HiCloud is emitting unpleasant smells and that these odors interfere with Plaintiffs' use and enjoyment of their land.  Plaintiffs, however, allege that Brian Hanna, in his official capacity as executive director of the Cannabis Regulatory Agency (CRA), is also liable for Plaintiffs' harms because the CRA issued a license to HiCloud.  Citing the federal Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. § 1964(c), Plaintiffs allege that the state license permitted unlawful "racketeering activity" at HiCloud. Director Hanna responded to the amended complaint with a motion to dismiss.

Presently before the Court is Plaintiffs' motion for preliminary injunction. With respect to Director Hanna, Plaintiffs aver that the Court may grant the motion by ordering Director Hanna to revoke HiCloud's license.  (PageID.131.)  But Plaintiffs have not established the elements required for a preliminary injunction against Director Hanna.

First, Plaintiffs are not likely to succeed on the merits because their first amended complaint fails to state a valid RICO claim against Director Hanna.  Second, private plaintiffs in civil RICO actions are not entitled to temporary injunctive relief. Third, Plaintiffs have not demonstrated that their harms are attributable to Director Hanna merely because the CRA issued HiCloud's license.  Fourth and finally, enjoining HiCloud's state-issued license would interfere with the CRA's ability to regulate its licensees under state law, thereby harming the public interest.

Therefore, the Court should deny Plaintiffs' motion.

## STATEMENT OF RELEVANT FACTS

### A.    An Overview of Adult-Use Marijuana Regulation in Michigan

In 2018, Michigan voters initiated legislation to legalize non-medical,

"recreational" marijuana use, possession, cultivation, and sale by adults age 21 and

over.  Mich. Comp. Laws § 333.27951 *et seq.*  The Michigan Regulation and Taxation

of Marihuana Act (MRTMA) establishes a system to license, regulate, and tax

businesses that engage in the state's commercial adult-use marijuana industry,

Mich Comp. Laws § 333.27952, and creates an additional layer of state licensing

and regulation for commercial marijuana establishments, Mich. Comp. Laws

§ 333.27959.  The CRA is the state agency responsible for administering and

regulating licensees under the MRTMA.  Mich. Comp. Laws § 333.27001(1)(d)(iv).

### B.    Plaintiffs' Amended Complaint

On February 6, 2025, Plaintiffs filed their first amended complaint, which is

limited with respect to conduct alleged against Director Hanna or the CRA.  The

complaint alleges, in relevant part, that Director Hanna is the executive director of

the CRA and that the CRA is "responsible for issuing state licenses under the

[MRTMA] to operate, *inter alia*, adult use processor establishments in the state of

Michigan."  (PageID.50, ¶ 11.)  Plaintiffs allege that the CRA issued an adult-use

marijuana processor license to a neighboring business, HiCloud, LLC, under the

MRTMA.  (PageID.52, ¶ 18.)

Continuing, the amended complaint sets forth threadbare legal conclusions

regarding an alleged violation of the RICO as to Director Hanna.  Within their third

and fifth claims for relief,[1] Plaintiffs cite to the RICO and allege that the license issued to HiCloud authorized unlawful "racketeering activity." (PageID.77-78, ¶ 115; PageID.82-83, ¶ 147.) The racketeering activity at issue, however, is specific to conduct allegedly committed by HiCloud and its owner, Defendant Cali, under 18 U.S.C. §§ 1962(b) and 1962(c). (PageID.50-51, ¶ 13; PageID.77, ¶¶ 112-13.) Nevertheless, Plaintiffs include Director Hanna in their RICO claim under 18 U.S.C. § 1964(c) and request declaratory and injunctive relief under 18 U.S.C. § 1964(a) against Director Hanna pursuant to that claim. (PageID.77-78, ¶ 115; PageID.82-83, 147.)

### C.    Plaintiffs' Motion for Preliminary Injunction

On March 14, 2025, Plaintiffs filed the instant motion requesting a preliminary injunction. This request seeks temporary injunctive relief based on two claims proffered in the first amended complaint. The first is a nuisance claim under state law, which is not attributable to Director Hanna.[2] The second is a civil RICO

---

[1] Plaintiffs' complaint contains six "claims for relief," but Director Hanna is only referenced in the third and fifth claims. While framed as separate claims, Plaintiffs allege in both the third and fifth claims that the RICO provides a statutory vehicle to obtain declaratory and injunctive relief against Director Hanna under 18 U.S.C. § 1964(a). (PageID.77-78, ¶ 115; PageID.81, ¶ 139.) Accordingly, Director Hanna construes the complaint as a single cause of action against him under 18 U.S.C. § 1964(c), with associated requests for relief under 18 U.S.C. § 1964(a).

Further, the fifth claim for relief make a passive reference to "Michigan nuisance law" in the context of Plaintiffs' request for declaratory relief under the RICO. (PageID.82; ¶¶ 142-143.) To the extent Plaintiffs allege a state-law nuisance claim against Director Hanna, Eleventh Amendment immunity bars the claim. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 106 (1984)

[2] *See* footnote 1, *supra*.

claim under 18 U.S.C. § 1964(c).  To that end, Plaintiffs aver that the RICO, specifically 18 U.S.C. § 1964(a), authorizes temporary injunctive relief to "restrain violations of section 1962," and that a preliminary injunction is appropriate to abate the unpleasant odors allegedly caused by HiCloud while the case proceeds. (PageID.111.)

Like the first amended complaint, Plaintiffs' motion and brief in support contain very few references to Director Hanna or the CRA related to the RICO claim.  Relevantly, Plaintiffs state that HiCloud "holds active state licenses under the [MRTMA] to be a marijuana grower and processor and to operate an adult-use marijuana entity in the state of Michigan."[3]  (PageID.122.)  Based on this single alleged fact, Plaintiffs conclude that Director Hanna is permitting HiCloud's unlawful "racketeering activity."  (PageID.131.)

Aside from these tangential references to Director Hanna or the CRA, Plaintiffs' RICO claim is entirely focused on the conduct of Defendants Cali and HiCloud.  For instance, Plaintiffs argue that they are likely to succeed on the merits of their RICO claim by showing "*Defendant Endrit Cali* (1) conducted the affairs (2) of an enterprise (3) through a pattern (4) of racketeering activity."  (PageID.126-127) (emphasis added) (internal quotations omitted).  Plaintiffs then proceed to analyze

---

[3] Plaintiffs' motion for preliminary injunction references an adult-use grower license and an adult-use processor license held by HiCloud.  Plaintiffs' first amended complaint, however, only alleges conduct by HiCloud under an adult-use marijuana processor license.  Accordingly, Director Hanna will only address Plaintiffs' arguments for preliminary injunction in the context of an adult-use processor license held by HiCloud to align with the allegations in the first amended complaint.

the elements of their RICO claim based on allegations against Cali and HiCloud without a single reference to Director Hanna or the CRA.  (PageID.127-130.) Nevertheless, Plaintiffs include Director Hanna in their RICO claim based solely on the CRA's issuance of HiCloud's license.  (PageID.131.)

Plaintiffs suggest the Court may grant its preliminary injunction request in one of three ways, but only one involves Director Hanna or the CRA.  Namely, Plaintiffs state that the Court "could include an order directing the CRA to revoke HiCloud's license to engage in its illicit marijuana enterprise (*i.e.*, enjoining the operation and effect of the license)."  (PageID.131.)

## STANDARD OF REVIEW

Preliminary injunctions are an extraordinary remedy "involving the exercise of a very far-reaching power, which is to be applied only in the limited circumstances which clearly demand it."  *Leary v. Daeschner*, 228 F.3d 729, 739 (6th Cir. 2000) (internal quotations and citations omitted).  A court must balance four factors when considering a request for such relief: 1) the movant's likelihood of success on the merits, 2) whether the movant will suffer irreparable injury absent an injunction, 3) whether the issuance of the injunction would cause substantial harm to others, and 4) whether issuance of the injunction would serve the public interest.  *McNeilly v. Land*, 684 F.3d 611, 615 (6th Cir. 2012) (citing *Am. Imaging Servs., Inc. v. Eagle-Picher Indus., Inc.*, 963 F.2d 855, 858 (6th Cir. 1992)).  A preliminary injunction should "only be awarded upon a clear showing that the plaintiff

is entitled to such relief." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008).

## ARGUMENT

Plaintiffs have not established that a preliminary injunction should be issued as to Director Hanna or the CRA.  First, Plaintiffs' RICO claim against Director Hanna has no likelihood of success on the merits.  The claim is clearly focused on the alleged conduct of Defendants Cali and HiCloud, and the complaint otherwise fails to state a valid RICO claim against Director Hanna.  Additionally, the Court should deny the motion because preliminary injunctions are not available to private parties asserting civil RICO claims pursuant to 18 U.S.C. § 1964(c).

Second, Plaintiffs have not satisfactorily shown that enjoining HiCloud's state-issued marijuana processor license will abate the alleged unpleasant smells coming from HiCloud's neighboring property.  And finally, in balancing the equities, ordering Director Hanna to revoke HiCloud's license would undermine the CRA's ability to regulate licensees under its jurisdiction and would depart from state law due process procedures afforded to licensees.  Thus, the public interest weighs against granting Plaintiffs' requested injunction as to Director Hanna.

## I.    Plaintiffs' RICO claim against Director Hanna has no likelihood of success on the merits.

A finding of no likelihood of success on the merits "is usually fatal" to a plaintiff's request for a preliminary injunction.  *Gonzales v. Nat'l Bd. of Med. Exam'rs*, 225 F.3d 620, 625 (6th Cir. 2000).  Indeed, "a court must not issue a

preliminary injunction where the movant presents no likelihood of merits success." *Louisiana-Pacific Corp. v. James Hardie Bldg. Prods., Inc.*, 928 F.3d 514, 517 (6th Cir. 2019).

Here, Plaintiffs' request for injunctive relief against Director Hanna is tethered to a RICO claim against him under 18 U.S.C. § 1964(c).  Plaintiffs, however, fail to state a valid claim.  First, the underlying "racketeering activity" needed to support their RICO claim is completely focused on the alleged conduct of Defendants HiCloud and Cali.  Second, the lone factual allegation against Director Hanna—that the CRA issued a marijuana processor license to HiCloud under the MRTMA—fails to establish the elements needed to support their RICO claim.  And third, Plaintiffs' request for a preliminary injunction is beyond the scope of remedies available to private parties pursuant to the RICO.

Because Plaintiffs will not succeed on the merits and because Plaintiffs' request for temporary injunctive relief is statutorily unavailable, the Court should deny the motion as to Director Hanna.

### A.    Plaintiffs do not allege that Director Hanna violated the substantive provisions of the RICO under 18 U.S.C. § 1962.

The RICO provides a civil remedy allowing private litigants to recover monetary damages for injury to business or property "by reason of a violation of section 1962[.]"  18 U.S.C. § 1964(c).  Plaintiffs, however, have not alleged that Director Hanna violated § 1962 in their amended complaint or via the instant motion.

In fact, Plaintiffs' RICO claim is based on an alleged violation of § 1962 attributable only to defendants HiCloud and Cali.  For example, the amended

complaint provides that Cali "formed, operates, controls, directs, conducts, participates in, and/or manages an enterprise (Defendant HiCloud) . . . and will continue to engage in a pattern of conduct (racketeering activity) . . . through, *inter alia*, the cultivation and manufacture of marijuana for distribution and sale in violation of 18 U.S.C. § 1962."  (PageID.76, ¶ 109.)  The complaint avers that this alleged racketeering activity is in violation of 18 U.S.C. §§ 1962(b) and 1962(c).  (PageID.77, ¶¶ 112-13.)

Plaintiffs' instant motion is no different.  There, Plaintiffs seek temporary injunctive relief against Director Hanna based on the same alleged RICO claim attributable only to Cali and HiCloud.  For example, Plaintiffs argue that they are likely to succeed on the merits of their RICO claim by showing "that *Defendant Endrit Cali* (1) conducted the affairs (2) of an enterprise (3) through a pattern (4) of racketeering activity."  (PageID.126-127) (emphasis added) (internal quotations omitted).  Plaintiffs then analyze the elements of their RICO claim without a single reference to Director Hanna or the CRA.  Despite this obvious flaw, Plaintiffs request injunctive relief against Director Hanna in the form of "an order directing the CRA to revoke Defendant HiCloud's license to engage in its illicit marijuana enterprise (*i.e.*, enjoining the operation and effect of the license.)"  (PageID.131.)

Because Plaintiffs' RICO claim alleges violations of § 1962 against only Cali and HiCloud, Plaintiffs are unlikely to succeed on the merits of their claim against Director Hanna.

**B.    Plaintiffs cannot establish the elements of a RICO claim against Director Hanna.**

Plaintiffs are also unlikely to succeed on the merits against Director Hanna because issuing a license does not establish the elements required to plead a viable RICO claim.

In their amended complaint and in their motion for preliminary injunction, Plaintiffs cite to 18 U.S.C. §§ 1962(b) and 1962(c) as the alleged violations underlying their civil RICO claim under § 1964(c).  (PageID.77, ¶¶ 112-13; PageID.126.)[4]  To begin, 18 U.S.C. § 1962(b) provides that it shall be "unlawful for any person through a pattern of racketeering activity or through collection of an unlawful debt to acquire or maintain, directly or indirectly, any interest in or control of any enterprise which is engaged in, or the activities of which affect, interstate or foreign commerce."  Accordingly, to establish a violation of § 1962(b), a plaintiff must establish that the defendant "acquire[d] or maintain[ed] . . . any interest in or control of any enterprise[.]"

As used in § 1962(b), acquiring or maintaining an "interest" in an enterprise refers to a "proprietary [interest], such as the acquisition of stock[.]"  *Whaley v. Auto Club Ins. Ass'n*, 891 F. Supp. 1237, 1240-41 (E.D. Mich. 1995) (citing *Reves v. Ernst & Young*, 507 U.S. 170 (1993)).  "Control" of an enterprise refers to "the power gained over an enterprise's operations by acquiring [a proprietary] interest."  *Id.*

---

[4] Although Plaintiffs' RICO claim relies on alleged violations of 18 U.S.C. §§ 1962(b) and 1962(c), their brief in support of motion for preliminary injunction only analyzes the elements of 18 U.S.C. § 1962(c) when describing their likelihood of success on the merits.  (PageID.126.)

Here, Plaintiffs are unlikely succeed on the merits of their RICO claim against Director Hanna based on an alleged violation of § 1962(b).  Issuing a license to HiCloud does not amount to either a propriety interest in HiCloud or control over HiCloud's operations through such an interest as required by § 1962(b).  In fact, Director Hanna is statutorily prohibited by the MRTMA from having any pecuniary interest in a licensed marijuana establishment such as HiCloud.  Mich. Comp. Laws § 333.27957(3).  Thus, Plaintiffs are not likely to succeed on the merits of their RICO claim as to Director Hanna because they have failed to plead a necessary element of § 1962(b) against him.[5]

The same analysis can be used regarding any alleged violation of § 1962(c) against Director Hanna.  Section 1962(c) states that it shall be unlawful "for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt."  To participate in the conduct of an enterprise's affairs, a defendant must participate in "the operation or management" of the enterprise itself.  *Ouwinga v. Benistar 419 Plan Servs., Inc.*, 694 F.3d 783, 791-92 (6th Cir. 2012) (citing *Reves*, 507 U.S. at 183).

---

[5] Because Plaintiffs cannot establish that Director Hanna acquired or maintained any interest or control of HiCloud, the remaining elements required to establish a RICO claim against Director Hanna under 18 U.S.C. § 1962(b) are not discussed in this brief.  However, Director Hanna maintains that Plaintiffs cannot establish any element of § 1962(b) against him.

Plaintiffs cannot show likelihood of success on the merits of their RICO claim against Director Hanna under § 1962(c) by simply alleging the CRA issued a license to HiCloud.  Issuing a license to HiCloud does not equate to participation in the operation or management of HiCloud's affairs.  Because Plaintiffs have not pled this necessary element, any RICO claim against Director Hanna asserting § 1962(c) as the predicate violation cannot succeed on the merits.[6]

**C.    Plaintiffs cannot obtain temporary injunctive relief under the RICO.**

Plaintiffs' motion may also be denied because preliminary injunctions are not available to private plaintiffs asserting civil claims under the RICO.  "The judicial task is to interpret the statute Congress has passed to determine whether it displays an intent to create not just a private right *but also a private remedy*." *Alexander v. Sandoval*, 532 U.S. 275, 286 (2001) (emphasis added).

To that end, several federal courts have examined the civil remedy provisions within 18 U.S.C. § 1964 and held that private plaintiffs may only recover monetary damages under § 1964(c). *See, e.g., Sterling Suffolk Racecourse Ltd. P'ship v. Burrillville Racing Ass'n*, 802 F. Supp. 662, 671 (D.R.I. 1992).  Consequently, these courts have found that private plaintiffs are precluded from requesting additional relief under § 1964(a).

---

[6] Because Plaintiffs cannot establish that Director Hanna participated in the conduct or management of HiCloud, the remaining elements required to establish a RICO claim against Director Hanna under 18 U.S.C. § 1962(c) are not discussed in this brief.  However, Director Hanna maintains that Plaintiffs cannot establish any element of § 1962(c) against him.

11

The Ninth Circuit's decision in *Religious Technology Center v. Wollersheim*, 796 F.2d 1076 (9th Cir. 1986), is the "seminal case" on this issue. *Ganey v. Raffone*, 91 F.3d 143, *4 n.6 (6th Cir. 1996) (unpublished table decision). In *Wollersheim*, the Ninth Circuit thoroughly reviewed the history, text, and structure of § 1964 and held that the identification of a damages remedy for private plaintiffs under § 1964(c), as opposed to § 1964(a), "logically carries the negative implication that *no other remedy* was intended to be conferred on private plaintiffs." *Wollersheim*, 796 F.2d at 1083 (emphasis in original). By contrast, the Court held that the United States Attorney General is empowered to seek temporary injunctive relief under § 1964(b), and that § 1964(a) provides the additional permanent remedies available to the government pursuant to that authority. *Id.* at 1082-83. Thus, to the extent a private plaintiff brings a viable RICO claim, the Ninth Circuit concluded that private plaintiffs may only recover the monetary relief available under § 1964(c). *Id.* at 1088.

Following the Ninth Circuit's decision in *Wollersheim*, the Fourth and Fifth Circuits adopted the same reasoning in *Hengle v. Treppa*, 19 F.4th 324 (4th Cir. 2021) and *In re Fredeman Litigation*, 843 F.2d 821 (5th Cir. 1988), respectively. *But see Chevron Corp. v. Dozinger*, 833 F.3d 74 (2d Cir. 2016); *and Nat'l Org. for Women, Inc. v. Scheidler*, 267 F.3d 687 (7th Cir. 2001). While the Sixth Circuit has yet to decide the issue, the Court noted that it found the analysis in *Wollersheim* "persuasive." *Ganey*, 91 F.3d at *4 n.6. Supreme Court decisions analyzing the RICO have further noted that the relief available under §§ 1964(a) and 1964(b) was

12

"limited to injunctive actions by the United States." *Sedima, S.P.R.L. v. Imrex Co.*, 473 U.S. 479, 486 (1985); *see also RJR Nabisco v. European Cmty.*, 579 U.S. 325, 331 (2016) (in dictum, observing that remedies available to the government under §§ 1964(a) and 1964(b) are separate from damages remedies available to private parties under § 1964(c)).

Like the Ninth, Fourth, and Fifth Circuits, this Court should hold that Plaintiffs may not request relief beyond that permitted in § 1964(c).  Congress granted private litigants a cause of action under § 1964(c) to recover monetary damages for violations of § 1962.  By not including similar rights-creating language for private parties under § 1964(a), Congress did not authorize private parties to seek additional relief for their RICO claims.  Furthermore, temporary injunctive relief is expressly limited to actions initiated by the United States Attorney General "[p]ending final determination" of a RICO action.  18 U.S.C. § 1964(b).

Accordingly, the Court should deny Plaintiffs' motion for preliminary injunction as to their alleged RICO claim against Director Hanna.  Plaintiffs' request for temporary injunctive relief against Director Hanna is unavailable to private litigants.

## II.    Plaintiffs' alleged harms are not attributable to Director Hanna.

To obtain an injunction, a plaintiff must "allege some wrongful conduct on the part of Defendant for which their requested injunction is an appropriate remedy." *Fletcher v. Conoco Pipe Line Co.*, 129 F. Supp. 2d 1255, (W.D. Mo. 2001). Here, Plaintiffs maintain that unpleasant smells coming from HiCloud's business

have caused them irreparable harm in the form of lost use and enjoyment of their property.  (PageID.136.)  However, to the extent Plaintiffs have incurred such harm, the issuance of HiCloud's license is not the activity of which Plaintiffs complain.

In essence, Plaintiffs' lawsuit is a property dispute among neighbors.  It is the alleged conduct of their neighbor, HiCloud, that Plaintiffs assert cause them injury—not the license issued by the CRA.  HiCloud controls the activity at the premises, and enjoining Director Hanna as Plaintiffs request would not address the conduct specifically at issue.

Any harm to Plaintiffs is attributable only to the alleged activities of HiCloud.  Plaintiffs have not established that Director Hanna caused their harms by merely issuing HiCloud's license, and Plaintiffs' request that the Court order Director Hanna to revoke HiCloud's license should therefore be denied.

### III. Issuing an injunction against Director Hanna would harm the public interest.

"The two remaining preliminary injunction factors—whether issuing the injunction would harm others and where the public interest lies—merge when the government is the defendant."  *Kentucky v. Biden*, 57 F.4th 545, 556 (6th Cir. 2023).  In deciding whether to grant injunctive relief, courts must "pay particular regard for the public consequences in employing the extraordinary remedy of injunction."  *Winter,* 555 U.S. at 24 (quoting *Weinberger v. Romero-Barcelo*, 456 U.S. 305, 312 (1982)).

Ordering Director Hanna to revoke HiCloud's license is contrary to the public interest.  Such an order would be akin to disciplinary action against HiCloud's

licensed business, which is a function specifically delegated to the CRA pursuant to the voter-initiated MRTMA.  Mich. Comp. Laws § 333.27957(1)(c)(ii).  An order requiring Director Hanna or the CRA to revoke HiCloud's license based on alleged smells coming from the business would undermine the CRA's role in regulating licensees under its jurisdiction, as the MRTMA requires.  *See Abbott v. Perez*, 585 U.S. 579, 602-03 n.17 (2018) ("the inability to enforce its duly enacted plans clearly inflicts irreparable harm on the State"); *see also New Motor Vehicle Bd. v Orrin W. Fox Co.*, 434 U.S. 1345, 1351 (1977) (Rehnquist, J., in chambers) ("any time a State is enjoined by a court from effectuating statutes enacted by representatives of its people, it suffers a form of irreparable injury.").

Moreover, an action to revoke a state-issued marijuana business license is subject to the contested case hearing provisions outlined in Michigan's Administrative Procedures Act.  Mich. Admin. Code r. 420.704(3).  Circumventing this process by ordering the CRA to revoke a license would depart from the due process procedures established under state law and is not in the public interest. "[A]t bottom, 'the public interest lies in a correct application' of the law."  *See Biden*, 57 F.4th at 556 (quoting *Coal. to Defend Affirmative Action v. Granholm*, 473 F.3d 237, 252 (6th Cir. 2006)).

## CONCLUSION AND RELIEF REQUESTED

As demonstrated above, Plaintiffs have failed to establish that they are entitled to the extraordinary remedy of a preliminary injunction against Director Hanna.  Therefore, Director Hanna respectfully requests that this Honorable Court deny Plaintiffs' motion as to him.

Respectfully submitted,

*s/ Adam M. Leyton*
Adam M. Leyton (P80646)
Audrey E. Elzerman (P82596)
Assistant Attorneys General
Attorneys for Defendant
Brian Hanna, Executive Director of
Cannabis Regulatory Agency
Michigan Department of Attorney General
Licensing and Regulation Division
525 West Ottawa Street
P.O. Box 30758
Lansing, MI 48909
(517) 335-7569
leytona1@michigan.gov
elzermana@michigan.gov
P80646, P82596

Dated: April 14, 2025

## CERTIFICATE OF COMPLIANCE

The undersigned attorney for Defendant Brian Hanna hereby certifies that Defendant Brian Hanna's Response in Opposition to Plaintiffs' Motion for Preliminary Injunction complies with the type-volume limitation of LCivR 7.2(b)(i) in that Word – Microsoft 365 for Enterprise, the word-processing system used to prepare the brief, indicates that the brief contains 3,879 words.

Respectfully submitted,

*s/ Adam M. Leyton*
Adam M. Leyton (P80646)
Audrey E. Elzerman (P82596)
Assistant Attorneys General
Attorneys for Defendant
Brian Hanna, Executive Director of
Cannabis Regulatory Agency
Michigan Department of Attorney General
Licensing and Regulation Division
525 West Ottawa Street
P.O. Box 30758
Lansing, MI 48909
(517) 335-7569
leytona1@michigan.gov
elzermana@michigan.gov
P80646, P82596

Dated:  April 14, 2025

## CERTIFICATE OF SERVICE

I hereby certify that on April 14, 2025, I electronically filed the above document with the Clerk of the Court using the ECF System, which will provide electronic copies to counsel of record.

*s/ Adam M. Leyton*
Adam M. Leyton (P80646)
Audrey E. Elzerman (P82596)
Assistant Attorneys General
Attorneys for Defendant
Brian Hanna, Executive Director of
Cannabis Regulatory Agency
Michigan Department of Attorney General
Licensing and Regulation Division
525 West Ottawa Street
P.O. Box 30758
Lansing, MI 48909
(517) 335-7569
leytona1@michigan.gov
elzermana@michigan.gov
P80646, P82596

LF: 2024-0418910-A / Draper et al v Hanna, et al (USDC-WD) / Defendant Response to Motion for Preliminary Injunction 2025-04-14