IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

JAMES DRAPER and CARRIE DRAPER,

    Plaintiffs,

v.

NEWFIELD TOWNSHIP; BRIAN HANNA, in his official capacity as the Executive Director of the Cannabis Regulatory Agency of the Michigan Department of Licensing and Regulatory Affairs; HICLOUD, LLC; EDRIT CALI; and STEVEN MICKLIN, individually and in his official capacity as Zoning Administrator for Newfield Township, Michigan,

    Defendants.

No. 1:24-cv-01305-PLM-PJG

Honorable Paul L. Maloney

**DEFENDANTS' BRIEF IN OPPOSITION TO PLAINTIFFS'
MOTION FOR PRELIMINARY INJUNCTION**

**INTRODUCTION**

On February 6, 2025, the Plaintiffs filed their six-count First Amended Complaint against several Defendants, including Newfield Township and the Township's Zoning Administrator, Steven Micklin, arising from the lawful operation of a marijuana facility owned by Defendants HiCloud, LLC and Endrit Cali, within the Township. (ECF No. 8). Count I of the Amended Complaint alleges a First Amendment Retaliation claim against Newfield Township and Micklin. Count II alleges an equal protection claim under the Fourteenth Amendment against Newfield Township and Micklin. Count III alleges a claim for relief against all Defendants under the Racketeer Influenced and Corrupted Organizations Act (RICO), 18 U.S.C. § 1982. Count IV alleges a nuisance claim under Michigan state law against all Defendants. Count V seeks injunctive declaratory relief to "enjoin Defendant Newfield

1

60566430.1

from further granting authorization and permission to Defendants HiCloud and Cali to operate a marijuana establishment/facility in the township." (ECF No. 8, PageID.84). Count VI alleges a civil conspiracy claim under 42 U.S.C. § 1983 against all Defendants.

On March 14, 2025, Plaintiffs filed their motion and brief in support seeking a preliminary injunction to enjoin Defendant HiCloud, LLC, from operating its marijuana facility within the township, including HiCloud's growing of marijuana. (ECF No. 14, PageID.112; ECF No. 15, PageID.121). While Plaintiffs' motion for preliminary injunction appears to be primarily addressed to Defendants HiCloud and Cali, Plaintiffs aver "the Court could issue an order enjoining the operation and effect of the permit issued by Defendant Newfield Township to Defendant HiCloud that authorizes Defendant HiCloud to grow marijuana in the township." (ECF No. 14, PageID. 111). However, Plaintiffs are not entitled to any form of injunctive relief against Newfield Township.

First, this Court lacks jurisdiction as Plaintiffs lack standing and their claims are not ripe. Even assuming the Court has jurisdiction, Plaintiffs are not entitled to injunctive relief because they cannot meet the requirements to obtain injunctive relief. Plaintiffs are not likely to prevail on the merits of their claims. Additionally, the public interest would not be served by issuing an injunction under these circumstances.

## STATEMENT OF FACTS

In November 2018, Michigan voters passed a voter-initiated Act, the Michigan Regulation and Taxation of marihuana Act (MRTMA), decriminalizing the possession and use of marijuana, and providing the legal production and sale of marijuana. The Cannabis Regulatory Agency (CRA) of the of the Michigan Department of Licensing and Regulatory Affairs is responsible for implementing MRTMA and "had the powers and duties necessary

2

to control the commercial production and distribution of marihuana." MCL 333.27957(1). A municipality may also adopt ordinances requiring a marijuana establishment with a physical location within the municipality to obtain a municipal license that "are not unreasonably impracticable and do not conflict with [MRTMA] or with any rule promulgated pursuant to [MRTMA]." MCL 333.27956(2), (3).

On October 15, 2019, Newfield Township adopted a zoning ordinance in compliance with MRTMA to provide licenses to commercial marijuana facilities licensed by the CRA to sell and grow adult-use recreational marijuana within the Township. (See Newfield Township Zoning Ordinance, Art. 22, ECF No. 15-2, PageID.205-214). Plaintiffs are owners of property located adjacent to Defendant HiCloud's commercial marijuana facility located in Newfield Township at 7655 E. M-20. (ECF No. 15, PageID.121). Defendant HiCloud maintains active state licenses issued by the CRA to be a marijuana grower and processer and to operate an adult-use marijuana establishment in the state of Michigan. Defendant HiCloud is also permitted by Newfield Township to operate its facility consistent with MRTMA and the Township's Zoning Ordinances. In September 2023, the Newfield Township Board approved a Special Use Permit application submitted by Defendant HiCloud to allow the drying and storage of Marijuana products within the pole barn erected on an adjoining parcel on Defendant HiCloud's property. (ECF No. 15, PageID.123).

Plaintiffs allege that Newfield Township renewed Defendant HiCloud's permit in January 2025 to operate its marijuana enterprise within the township despite Defendant HiCloud being subject "to multiple formal complaints filed by the CRA regarding alleged violations of the MRTMA and/or related administrative rules, in addition to the fact that it is operating, in part, on property zoned residential." (ECF No. 15, PageID.122). However,

Plaintiffs cannot point to any valid foundation upon which to base their argument that the Township was required to not renew HiCloud's permit.  Indeed, at no point was HiCloud found by the CRA to be in violation of MRTMA. Plaintiffs further claim that Newfield Township improperly renewed Defendant HiCloud's permit without a public hearing in violation of MRTMA and the Township's ordinances. (PageID.122-123).  However, the Newfield Township Board properly granted HiCloud's request for a special use permit in accordance with Section 9.12(D) of the Township's Zoning Ordinances. (**Exhibit 1**, Letter Granting Special Use Permit Application).

Plaintiffs' base their "damages" requiring a preliminary injunction upon their status as a religious family opposed to recreational drug use. (ECF No. 15, PageID. 124). They allege that the smell of marijuana from HiCloud permeates their home and vehicles.  Plaintiffs appear to be requesting that HiCloud be enjoined from operating its enterprise during the months of June through October when the smell is at its height. (ECF No. 14, PageID.111).

## LAW AND ARGUMENT

**I.     PLAINTIFFS LACK STANDING AND THEIR CLAIMS ARE NOT RIPE THIS COURT LACKS JURISDICTION OVER PLAINTIFFS' RICO CLAIM**

Plaintiffs lack standing to seek an injunction against Defendants Newfield Township and Micklin. Article III of the Constitution limits the jurisdiction of federal courts to cases and controversies. U.S. Const. art. III, § 2; *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 559–560 (1992). "No principle is more fundamental to the judiciary's proper role in our system of government than the constitutional limitation of federal-court jurisdiction to actual cases or controversies." *Simon v. Eastern Ky. Welfare Rights Organization*, 426 U.S. 26, 37 (1976). "The law of Article III standing, which is built on separation-of-powers principles, serves to

prevent the judicial process from being used to usurp the powers of the political branches." *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 408 (2013).

That principle is particularly relevant here where the Plaintiff seeks federal court intervention in the Township's exercise of its zoning ordinances enacted under MRTMA. The Supreme Court has made clear that "[t]he necessary and correct result of our deference to the informed discretion of prison administrators permits them, and not the courts, to make the difficult judgments concerning institutional operations in situations such as this." *Jones v. N. Carolina Prisoners' Lab. Union, Inc.*, 433 U.S. 119, 128 (1977). That same deference applies to decisions regarding medical care and treatment. "[T]he Constitution only requires that the courts make certain that professional judgment in fact was exercised. It is not appropriate for the courts to specify which of several professionally acceptable choices should have been made." *Youngberg v. Romeo*, 457 U.S. 307, 321 (1982).

"One element of the case-or-controversy requirement is that [plaintiffs], based on their complaint, must establish that they have standing to sue." *Raines v. Byrd,* 521 U.S. 811, 818 (1997). A plaintiff seeking injunctive relief must first establish standing to do so. "To succeed on the merits, a party must first reach the merits, and to do so it must establish standing. Thus, a preliminary injunction is warranted only where the party seeking relief is likely to establish: (1) an injury in fact; (2) traceability; and (3) redressability*.*" *Online Merchants Guild v. Cameron*, 995 F.3d 540, 547 (6th Cir. 2021). Plaintiff, as the party invoking federal jurisdiction, bears the burden of proving the three elements of standing. *Kanuszewski v. Michigan Dep't of Health & Hum. Servs.*, 927 F.3d 396, 405 (6th Cir. 2019).

To satisfy the injury-in-fact requirement Plaintiff "must have suffered an injury in fact, which is 'concrete, particularized, and actual or imminent.'" *Shearson v. Holder*, 725 F.3d 588,

5

592 (6th Cir. 2013) quoting *Clapper v. Amnesty Int'l USA*, *supra*. "Allegations of possible future injury do not satisfy the requirements of Art. III. A threatened injury must be "'certainly impending'" to constitute injury in fact." *Whitmore v. Arkansas*, 495 U.S. 149, 158 (1990). The threat of future harm can only satisfy this requirement if there is a "substantial risk" that the harm will occur. *Clapper*, 568 U.S. at 414 n. 5 (quoting *Monsanto Co. v. Geertson Seed Farms*, 561 U.S. 139, 153 (2010)). By the same token, "'[a]llegations of possible future injury' are not sufficient." *Id*. at 409 (quoting *Whitmore v. Arkansas*, *supra*.)

Simply put, Plaintiffs' argument that they will be subject to the smell of marijuana particularly during the months of June through October is insufficient to demonstrate an injury in fact required to establish standing. Moreover, Plaintiffs are apparently not currently being harmed by the "overwhelming" smell of marijuana from HiCloud's marijuana establishment at the present time. (ECF No. 15, PageID. 124). Even if Plaintiffs could demonstrate an actual harm being caused by the smell, and that this harm is traceable to the Township's actions, Plaintiffs' have failed to point to any evidence that the smell is imminent. Therefore, Plaintiffs cannot demonstrate standing for their RICO action and this Court lacks jurisdiction to grant injunctive relief.

Closely related to the issue of standing is the issue of ripeness. The Supreme Court explained in *Valley Forge Christian College v. Americans United for Separation of Church and State, Inc.*, 454 U.S. 464, 471–476700 (1982), that the "case or controversy" requirement in Article III of the Constitution defines the idea of separation of powers on which the Federal Government is founded. Article III's "case or controversy" requirement has been implemented by the courts through the development of a series of principles termed "justiciability doctrines." As discussed above, Article III requires a litigant to have "standing"

to invoke the jurisdiction of a federal court. A second "justiciability doctrine" is ripeness. "The doctrine of ripeness prevents courts from deciding cases or controversies prematurely." *F.P. Development, LLC v. Charter Twp. of Canton, Michigan*, 16 F.4th 198, 203 (6th Cir. 2021). "A claim is not ripe if it turns on 'contingent future events that may not occur as anticipated, or indeed may not occur at all.' *Trump v. New York*, 141 S. Ct. 530, 535 (2020) (per curiam) (quoting *Texas v. United States*, 523 U.S. 296, 300 (1998))." *OverDrive Inc. v. Open E-Book F.*, 986 F.3d 954, 958 (6th Cir. 2021).

For essentially the same reasons the Plaintiffs lack standing, their claims are not ripe. Their claim for injunctive relief turn on "contingent future events" that "may not occur at all." While HiCloud's permit to operate its establishment was renewed this year, Plaintiffs cannot prove that they will be harmed by any smell caused by the operation later this year and Plaintiffs have failed to point to any other harm caused by the Township's proper renewal of HiCloud's operation permit.

**II.    ASSUMING THE COURT HAS JURISDICTION, THE PLAINTIFFS ARE NOT ENTITLED TO INJUNCTIVE RELIEF**

    **1.  Standard for Issuing a Preliminary Injunction**

"Injunctive relief is 'an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief.' *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 22 (2008)." *EMW Women's Surgical center, P.S.C. v. Friedlander*, 978 F.3d 418, 429 (6th Cir. 2020).  The court considers four factors in determining whether to issue a preliminary injunction: (1) the likelihood of success on the merits, (2) the threat of irreparable harm absent an injunction, (3) the risk of harm to others, and (4) the broader public interest. *St. Luke's Hosp. v. ProMedica Health Sys., Inc.*, 8 F.4th 479, 485 (6th Cir. 2021). "'These factors are not prerequisites, but are factors that are to be balanced against each

other.' *Overstreet v. Lexington-Fayette Urban County Gov't*, 305 F.3d 566, 573 (6th Cir. 2002). '[T]he party seeking a preliminary injunction bears the burden of justifying such relief.'" *Memphis A. Philip Randolph Inst. V. Hargett*, 2 F.4th 548, 554 (6th Cir. 2021). "While no single factor necessarily is dispositive, *Coalition to Defend Affirmative Action v. Granholm*, 473 F.3d 237, 244 (6th Cir. 2006), the first factor—the likelihood of success—in many instances will be the 'determinative factor' in the analysis." *Thompson v. DeWine*, 959 F.3d 804, 807, 812 (6th Cir. 2020).

In their brief in support of their motion for preliminary injunction, Plaintiffs focus solely on the merits of their RICO and state law nuisance claims.

**2. Plaintiffs are not likely to succeed on the merits of their claims.**

**A. RICO**

The Racketeer Influenced and Corrupt Organizations Act (RICO) provides a civil remedy allowing private litigants to recover monetary damages for injury to business or property "by reason of a violation of section 1962[.]" 18 U.S.C. § 1964(c). In order to prevail on their RICO claim, Plaintiffs must show four elements: "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." *Moon v. Harrison Piping Supply*, 465 F.3d 719, 723 (6th Cir. 2006) (quoting *Sedima, S.P.R.L. v. Imrex Co., Inc.*, 473 U.S. 479, 496, 105 S.Ct. 3275, 87 L.Ed.2d 346 (1985)); 18 U.S.C. § 1962(c).

The Plaintiffs' RICO claim against Defendants Newfield Township and Steven Micklin fail for a plethora of reasons. First, Plaintiffs' RICO claim and request for injunctive relief against the Township and Micklin are based on an alleged violation of § 1962 attributable only to Defendants HiCloud and Cali. Specifically, Plaintiffs allege "Defendant HiCloud's marijuana operation, which includes the growing, manufacture, concealment, buying, selling,

8

or otherwise dealing in marijuana, a Schedule I controlled substance under the CSA, is 'racketeering activity' as a matter of law." (ECF No. 15, PageID.127).  In neither Plaintiffs' Amended Complaint nor their motion for preliminary injunction do Plaintiffs provide an ascertainable basis to conclude that Defendants Newfield Township and Steven Micklin actions violated § 1962.

Second, Plaintiffs' RICO claim against Newfield Township separately fails because Newfield Township lacks the specific intent necessary to commit the predicate offenses necessary to establish a RICO claim. *Otsworth v. Fifth Third Bank*, No. 20-1286, 2020 WL 9211025 at *2 (6th Cir. Oct. 27, 2020) (citing *Gil Ramirez Grp., LLC v. Houston Indep. Sch. Dist.*, 786 F.3d 400, 412 (5th Cir. 2015); *Call v. Watts*, No. 76-5406, 1998 WL 165131, at *2 (6th Cir. Apr. 2, 1998). Indeed, as this Court previously held:

> Here, plaintiff has failed to state a claim upon which relief can be granted against the municipal defendants because those defendants cannot form the specific intent necessary to establish a RICO claim. While the Sixth Circuit has not directly ruled on this issue, an unpublished Sixth Circuit case and district courts within the Sixth Circuit have all held that a RICO claim cannot be established against a municipality because a municipality cannot form the specific intent necessary to establish a RICO claim. . . . *Cargile v. Michigan*, No. Civ.A. 10-10072, 2010 WL 32222024 at *6 (June 18, 2010), R&R adopted, 2010 WL 3222021 (E.D. Mich. Aug. 13, 2010)."

*Otworth v. Fifth Third Bank*, No. 1:19-CV-55, 2020 WL 1866373 (W.D. Mich. Jan. 29, 2020), *report and recommendation adopted*, No. 1:19-CV-55, 2020 WL 913754 (W.D. Mich. Feb 26, 2020), *aff'd*, No. 20-1286, 2020 WL 9211025 (6th Cir. Oct. 27, 2020) (string citations omitted).  Moreover, this conclusion was previously reached by the Colorado District Court in the very case upon which Plaintiffs rely. *See Safe Streets All. V. Alternative Holistic Healing, LLC*, No. 15-CV-00349-REB-CBS, 2016 WL 11384332 at *2 (D. Colo. Feb. 8, 2016) (holding that Plaintiffs failed to state a viable RICO claims against the municipal defendants because

governmental entities are either incapable of forming a specific criminal intent or because exemplary damages are not available against municipal corporations).

Additionally, in order to establish a violation of § 1962(b), plaintiffs must establish that the defendant "acquire[d] or maintain[ed] . . . any interest in or control of any enterprise[.]." Acquiring or maintain an interest in an enterprise for purposes of § 1962(b), requires a "proprietary [interest], such as the acquisition of stock[.]" *Whaley v. Auto Club Ins. Ass'n*, 891 F. Supp. 1237, 1240-41 (E.D. Mich. 1995) (citing *Reves v. Ernst & Young*, 507 U.S. 170 (1993)). Control of an enterprise refers to "the power gained over an enterprise operations by acquiring [a proprietary] interest." *Id*. In this case, Plaintiffs cannot establish that Newfield Township or Micklin maintained an interest in HiCloud, and have failed to offer any allegations that would allowed even an inference that such an interest exists. The Township's issuance of a permit to HiCloud under its ordinances does not amount to either a proprietary interest in HiCloud or control over HiCloud's operations through such an interest as required by § 1962(b).

The same analysis can be applied to dispose of any alleged violation of § 1962(c) against Defendants Newfield Township and Micklin as Plaintiffs have pled no factual allegations indicating that these Defendants participated in the alleged racketeering enterprise. To participate in the conduct of an enterprise's affairs, a defendant must participate in "the operation or management" of the enterprise itself. *Ouwinga v. Benistar 419 Plan Servs., Inc.*, 694 F.3d 783, 791-92 (6th Cir. 2012). In their brief in support, Plaintiffs merely state that "Defendant Cali is the owner, operator, and resident agent for Defendant HiCloud. There is no dispute that he conducts or participates, directly or indirectly, in the conduct of Defendant HiCloud's affairs." (ECF No. 15, PageID.128). There is nothing to

indicate that Newfield Township or Micklin had anything to do with the "conduct of Defendant HiCloud's affairs" and therefore cannot prevail on the merits of their RICO claim against them. Accordingly, Plaintiffs' request for injunctive relief against these Defendants is without merit and should be denied.

### B. Nuisance

Plaintiffs further assert that they are entitled to injunctive relief because they are likely to prevail on their state law nuisance claim. Similarly, to Plaintiffs' RICO analysis, Plaintiffs' analysis of their nuisance claim appears to be primarily directed at Defendants HiCloud and Cali. "A private nuisance is a nontrespassory invasion of another's interest in the private use and enjoyment of land." *Adkins v. Thomas Solvent Co.*, 440 Mich 293, 487 N.W.2d 715 (1992). To prove a claim of a private nuisance, plaintiff must demonstrate that (1) defendants interfered with the use or enjoyment of plaintiff's property rights and privileges; (2) defendants' invasion of the property interests caused plaintiff significant harm; and (3) the invasion was intentional and unreasonable or was "otherwise actionable under the rules governing liability for negligent, reckless, or ultrahazardous conduct." *Capitol Props. Group, LLC v 1247 Center St., LLC*, 283 Mich App 422, 431-432, 770 N.W.2d 105 (2009).

Plaintiff's Amended Complaint has made no allegation that suggests Defendants Newfield Township or Micklin interfered with Plaintiffs' property, whether in an intentional, unreasonable, or otherwise actionable manner. The Michigan Supreme Court has long ascribed to the maxim that "It is a general principle of tort law that a person is liable only as he participates in an activity giving rise to a tort." *Sholberg v. Truman*, 496 Mich. 1, 8, 852 N.W.2d 89, 93 (2014) citing *Musser v. Loon Lake Shores Ass'n,* 384 Mich. 616, 622, 186 N.W.2d 563 (1971). For injunctive relief to be granted there must be a great likelihood of success on

11

the merits of the underlying claim. Plaintiffs' Amended Complaint clearly falls well short of that mark with regards to their claim of a nuisance against Newfield Township and Micklin.

Plaintiffs also made reference to a public nuisance in their Amended Complaint. (ECF No. 8, PageID.79). A public nuisance is defined as an unreasonable interference with a common right enjoyed by the general public. *Capitol Props. Grp., LLC*, 283 Mich. App 422, 427 770 N.W.2d 105 (2009).  As set forth by the Michigan Court of Appeals: *Cloverleaf Car Co. v. Phillips Petroleum Co.*,

> The term 'unreasonable interference' includes conduct that (1) significantly interferes with the public's health, safety, peace, comfort, or convenience, (2) is proscribed by law, or (3) is known or should have known the actor to be of a continuing nature that produces a permanent or long lasting, significant effect on these rights. A private citizen may file an action for a public nuisance against an actor where the individual can show he suffered a type of harm different from that of the general public. (internal citations omitted).

213 Mich. App. 186, 190, 540 N.W.2d 297 (1995). "Liability for damage caused by a nuisance may be imposed where the defendant creates the nuisance, owns or controls the property from which the nuisance arose, or employed another that is knows is likely to create a nuisance." *Citizens Ins. Co. v. Bloomfield Twp.*, 209 Mich. App. 484, 488, 532 N.W.2d 183 (1994). Importantly, issuing a permit or regulating an activity on the land is insufficient to constitute control. *Attorney Gen. v. Ankersen*, 148 Mich. App. 524, 560, 385 N.W.2d 658 (1986).

Notwithstanding the glaring standing issues with Plaintiffs' nuisance claim, this claim against Newfield Township and the Township's Zoning Administrator, Steven Micklin, fail as they are barred by governmental immunity under the Governmental Tort Liability Act (GTLA), MCL §691.1401. The GTLA states: "[e]xcept as otherwise provided in this act, a governmental agency is immune from tort liability if the governmental agency is engaged in

the exercise of a governmental function." MCL § 691.1407(1); *Wesche v. Mecosta County Rd. Comm'n*, 480 Mich. 75, 83-84, 746 N.W.2d 847 (2008). Defendants Newfield Township and Micklin were clearly engaged in governmental function through its enforcement of its zoning ordinances. Furthermore, "[a] governmental agency can be held liable under the GTLA only if a case falls into one of the enumerated statutory exceptions" which must be narrowly construed. *Moracini v. Sterling Heights*, 296 Mich App 387, 392, 822 NW2d 799 (2012). Regardless of whether Plaintiffs attempt to characterize HiCloud's marijuana establishment as a private nuisance or public nuisance, these claims do not fall within the enumerated exceptions to governmental immunity. The Michigan Supreme Court affirmed that nothing in the plain language of § 7 of the GTLA indicated a legislative intent to create a nuisance exception to governmental immunity. *Pohutski v. City of Allen Park*, 465 Mich. 675, 688, 641 N.W.2d 219 (2002) (citing *Li v. Feldt*, 434 Mich. 584, 602, 456 N.W.2d 55 (1990)). Simply put, Plaintiffs' nuisance claim fails to plead around the Township's immunity granted by the GTLA and therefore, Plaintiffs cannot prevail on the merits.

Defendant Micklin is also entitled to governmental immunity to Plaintiffs' nuisance claim. To evaluate immunity for commission of an intentional tort by an individual governmental employee, the court will consider whether (1) the acts were undertaken during the course of employment and the employee was acting, or reasonably believed that they were acting within the scope of their authority; (2) the acts were undertaken in good faith; and (3) the acts were discretionary, as opposed to ministerial. See MCL 691.1407(3); *Ross v. Consumers Power Co.*, 420 Mich. 567 (1984). Here, Plaintiffs have failed to point to any specific actions taken by Defendant Micklin relative to the Township's renewal of Defendant HiCloud's permit to operate or the granting of the special use permit.

13

### 3. The remaining factors to be considered for a preliminary injunction weigh in favor against issuance.

As explained above, Plaintiffs have not demonstrated a viable threat of irreparable harm absent an injunction. The Michigan Supreme Court has explained that the test for a nuisance is objective: an activity will not rise to the level of a nuisance unless it would cause actual physical discomfort to persons of ordinary sensibilities. *Smith v. Western Wayne Co. Conservation Association*, 380 Mich. 526, 536, 158 N.W.2d 463 (1968); see also Restatement (Second) of Torts, § 821F (1979) (stating that the harm must be significant and "of a kind that would be suffered by a normal person."). It is longstanding in Michigan that no one is entitled, in every location and circumstance, to "absolute quiet, or to air utterly uncontaminated by any odor whatsoever in the use and enjoyment of his property." *De Longpre v. Carroll*, 331 Mich. 474, 476, 50 N.W.2d 132 (1951). It is only when noises or smells "contaminate the atmosphere to such an extent as to substantially impair the comfort or enjoyment of adjacent premises, then an actionable nuisance may be said to exist." *Id.*

Taken with *Smith*, this requires the Plaintiffs to demonstrate that Defendants Newfield and Micklin have somehow interfered with Plaintiff's enjoyment of their property to the extent that it is significantly harmful to a normal person. Instead, the Plaintiffs have failed to present any evidence from which the Court could conclude that a person of ordinary sensibilities would suffer adverse health effects from the smell of marihuana being grown. Plaintiffs also include some anecdotal claims that they and their non-party children might have suffered adverse health effects. *Smith*, 380 Mich. at 536. This argument is unavailing.

Finally, the harm to other property owners and citizens in Newfield Township would be far greater should this Court enjoin the Township from enforcing its properly enacted zoning ordinance. The Supreme Court noted that "the inability to enforce its duly enacted

14

plans clearly inflicts irreparable harm on the State." *Abbott v. Perez*, 585 U.S. 579, 602-03 n. 17 (2018). The broader public interest is best served by allowing Newfield Township to continue enforcement in a predictable and expected manner.

## RELIEF REQUESTED

Defendants Newfield Township and Steven Micklin respectfully request that Plaintiffs proposed injunctive relief seeking to enjoin the operation an effect of the permit issued by Defendant Newfield Township to Defendant HiCloud authorizing the growth and sale of marijuana be denied.

Respectfully submitted,

DATED: April 14, 2025                   PLUNKETT COONEY

BY:     */s/ James W. Lamb*
         JAMES W. LAMB (P84657)
         CHARLES L. BOGREN (P82824)
         Attorneys for Defendants Newfield Twp
         and Micklin
         333 Bridge Street, N.W., Suite 530
         Grand Rapids, Michigan  49503
         **Direct Dial:  616-752-4601**
         **jlamb@plunkettcooney.com**
         **cbogren@plunkettcooney.com**

60566430.1